# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Robert A. Jackson<br>Debtor | BANKRUPTCY CASE<br>NO.: 19-11000<br>CHAPTER 13 |

## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

U.S. Bank National Association, as Trustee for Lehman Brothers Small Balance Commercial Mortgage Pass-Through Certificates, Series 2007-2, by its servicer, Ocwen Loan Servicing, LLC ("U.S. Bank"), through its counsel, objects to the confirmation of the Debtor's Plan for the following reason(s):

1. Debtor is the owner of the property located at 38 East Spruce Street, Norristown, PA 19401 (the "Property").

2. U.S. Bank holds a Mortgage on the Property, which secures a Note held by U.S. Bank for payment of the principal sum of $198,700.00 with interest executed by Debtor (the "Note").

3. The Note matured on March 1, 2017.

4. Debtor's Chapter 13 Plan provides that U.S. Bank's claim will be paid through the Plan and that the Debtor will be marketing the Property for sale. However, the Plan provides that the proposed amount of the secured claim is $200,508.42. However, to date, there is an estimated amount owed to U.S. Bank of $218,135.81. U.S. Bank filed a Proof of Claim but intends to file an Amended Proof of Claim shortly to provide the exact amount of its claim.

5. Moreover, the Plan is ambiguous in that it is not clear whether the referenced amount of $200,508.42 is inclusive of interest over the life of the Plan, or what rate of interest is proposing to be paid. The Note provides for an interest rate of 7.875%. The Plan should specifically provide that interest is to be paid on U.S. Bank's claim at the rate of 7.875%.

6. Section 1325(a)(5)(B)(ii) of the Bankruptcy Code provides that, with respect to a secured claim, one of the elements of Chapter 13 confirmation is that the value of property distributed under the Plan is not less than the allowed claim amount.

7. In his Plan, Debtor is proposing to pay less than what U.S. Bank is owed and it is not clear whether the proposed amount to be paid is inclusive of interest to be paid over the life of the Plan, or what rate of interest is proposing to be paid. Pursuant to Section 1322(c)(2) of the Bankruptcy Code, a Debtor may modify the rights of a secured claimholder who holds an interest in the Debtor's real property if the last payment on the debt is due prior to the final payment under the Plan. However, courts have held that a plan confirmed under Section 1322(c)(2) of the Bankruptcy Code cannot modify the contractual interest rate of a secured creditor. See, *In re Varner*, 530 B.R. 621 (Bankr.M.D.N.C 2015) (prohibiting modification of a secured creditor's interest rate under Section 1322(c)(2)). See also, *In re Draper*, 2015 WL 7264669 (Bankr.E.D.V. 2015) (allowing for payment of secured claim through Plan on debt that matured pre-petition but at the contractual interest rate).

8. Like the above cases, the Debtor's Plan should provide for payment of U.S. Bank's claim at the contractual rate of interest but it fails to specify same.

9. Moreover, the Plan is not feasible. As per Schedule J, the Debtor's net income is $3,790.67. If the estimated loan balance of $218,135.81 owed to U.S. Bank is amortized

over five years at the contractual rate of interest of 7.875%, that equates to a monthly payment of $4,407.22 which is in excess of the Debtor's net income and the $3,776.00 proposed monthly Plan payment.

10. In sum, the Plan is not confirmable because (a) it does not propose to pay the full amount of U.S. Bank's claim, (b) it does not specify what interest rate is intended to be paid on U.S. Bank's claim, (c) it is ambiguous as to whether the proposed amount to be paid is inclusive of interest to be paid over the life of the Plan, and (d) is not feasible because the Debtor's net income is approximately $617.00 less than the monthly payment that would need to be paid to U.S. Bank in order to pay its claim over 60 months.

WHEREFORE, U.S. Bank respectfully requests that confirmation of Debtor's Chapter 13 Plan be denied, and for such relief as the Court may deem proper.

                                        **WEBER GALLAGHER SIMPSON**
                                        **STAPLETON FIRES & NEWBY, LLP**

Dated: May 3, 2019                    By:   /s/Peter E. Meltzer
                                                  PETER E. MELTZER, ESQUIRE
                                                  2000 Market Street, 13th Floor
                                                  Philadelphia, PA 19103
                                                  215-972-7900
                                                  Attorney for U.S. Bank