## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

In re:  Robert A. Jackson                :    Chapter 13
                                         :
                                         :
                                         :
                                         :
                Debtor                   :    Bankruptcy No. 19-11000ELF

## ORDER

**AND NOW,** this ___20th___ day of ___August___, 2019, upon consideration of the Motion to Sell Real Property filed by debtor, upon notice to all interested parties, upon the filing, and any response thereto, and after a hearing before the Court and for good cause shown, it is hereby

**ORDERED,** that debtor is granted permission to sell his/her real property located at 38 East Spruce Street, Norristown, PA 19401 ("Property"), free and clear of all liens, for the sale price of $329,000.00, pursuant to the terms of a certain real estate agreement of sale dated as of July 18, 2019, to the buyer(s) thereunder, NRJ2K Investments, LLC ("Buyer"), who have been represented to be purchasing the Property at arms-length.

The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, shall be distributed in the following *approximate* manner:

1. Ordinary and reasonable settlement costs, including, but not limited to those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters    $_____

2. Liens paid at closing    $___218,135.81_

3. Real estate taxes, sewer, trash and/or other such items    $_____

4. Property repairs, if any    $_____

5. Real estate commission, at no greater than 6%    $___$13,160_____

6. Attorney's fees, if any    $_____

| | | |
|---|---|---:|
| 7. | Any small (less than $300) allowances agreed to be made to Buyer to settle any unforeseen dispute arising at settlement | |
| 8. | Transfer Tax | $3,290.00____ |
| 9. | Other | |
| | TOTAL | $234,585.81 |

After paying all liens in full and all costs of sale, the title clerk shall distribute $23,675.00 to the Debtor on account of the Debtor's bankruptcy exemption, after which the title clerk shall pay the balance of the sale proceeds to **William C. Miller, Chapter 13** (approximately $70,739.19).

The title clerk shall fax a completed Closing Disclosure or settlement sheet from the closing directly to the trustee immediately upon the close of the settlement, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed.

Upon trustee approval, the title clerk shall fax a copy of the disbursement check to the trustee, and shall immediately transmit the actual disbursement check to the trustee by overnight courier.

Pursuant to Fed. R. Bankr. P. 6004(h), this Order shall be effective and enforceable immediately upon its entry.

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**