### UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re: ROBERT A. JACKSON** | CHAPTER 13 |
| **Debtor** | BANKRUPTCY CASE NO.: 19-11000 |
| U.S. Bank National Association, as Trustee for Lehman Brothers Small Balance Commercial Mortgage Pass-Through Certificates, Series 2007-2 | |
| **Movant** | |
| v. | |
| Robert A. Jackson | |
| **Respondent** | |

### MOTION OF U.S. BANK NATIONAL ASSOCIATION, ET AL. FOR RELIEF FROM THE AUTOMATIC STAY

U.S. Bank National Association, as Trustee for Lehman Brothers Small Balance Commercial Mortgage Pass-Through Certificates, Series 2007-2, by its servicer, PHH Mortgage ("Movant"), by its attorneys, Weber Gallagher, hereby moves for relief from the automatic stay. Grounds for this motion are as follows:

1. This court has jurisdiction over this contested matter pursuant to the provisions of 28 U.S.C. Section 1334 and 157(b)(2)(G).

2. Movant files this motion pursuant to Bankruptcy Rules 9013 and 9014 and Section 362(d)(1) of the Bankruptcy Code.

3. On or about February 18, 2019, Debtor filed for protection under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania.

2. On or about February 9, 2007, GreenPoint Mortgage Funding, Inc. ("GreenPoint") loaned

        Defendant the principal sum of $198,700.00 with interest in accordance with the terms and conditions of a certain Fixed Rate Promissory Note of even date executed by Defendant in favor of GreenPoint (the "Note").

3. The Note is secured by a Mortgage executed by Debtor in favor of GreenPoint (the "Mortgage"), granting Greenpoint a mortgage lien on real estate located at 38 E. Spruce Street, Norristown, PA 19401 (the "Property"). The Mortgage was recorded on March 1, 2007 with the Montgomery County Recorder of Deeds at Book 12043, Page 1356.

4. The Note and Mortgage were assigned from GreenPoint to Ocwen Loan Servicing, LLC. Said Assignment was recorded on April 18, 2017 with the Montgomery County Recorder of Deeds at Book 14325, Page 1105.

5. The Property is of mixed use and contains one commercial unit and more than two residential units.

6. The Note Matured on March 1, 2017.

7. On July 2, 2019, Debtor filed an Amended Plan which proposed to pay Movant its secured claim amount of $218,135.81 at 7.5% interest through the life of the Plan. Finding this Amended Plan acceptable, Movant withdrew its Plan Objection filed as to the original Plan filed by the Debtor.

8. Then, on or about July 22, 2019, Debtor filed a Motion to sell the Property free and clear of liens under Section 363(f). An Order was entered on August 20, 2019 in regards to that Motion, permitting Debtor to sell the Property "pursuant to the terms of a certain real estate agreement of sale dated as of July 18, 2019 to the buyer(s) thereunder, NRJ2K Investments, LLC", and that Movant's lien shall be paid in full at the sale.

9. The Agreement of Sale upon which this court permitted Debtor to sell the Property had a

        settlement date of August 28, 2019.

10. The settlement date has now been postponed *three* times. In regards to the third postponement, Debtor's counsel advised that there were still issues pertaining to the fire escape, chimney and hot water heater which required permits. To Movant's knowledge, these issues have still not been rectified and it is not clear if and when the settlement to the Property will occur.

11. In the meantime, Movant has not received any adequate protection payments. Debtor's Amended Plan has not been confirmed as it is now no longer applicable due to Debtor's intent to sell the Property, and Debtor has not filed a second Amended Plan.

12. Under Section 362(d)(1) of the Bankruptcy Code, the court has the authority to terminate or modify the automatic stay "for cause, including lack of adequate protection of an interest in property of such party in interest."

13. Given that that settlement to the Property did not occur on August 28, 2019, upon which this court authorized Debtor to complete the sale, that there is still no confirmed settlement date, and Debtor has failed to provide Movant with any adequate protection payments, cause exists to lift the automatic under Section 362(d)(1) of the Bankruptcy Code so that Movant may commence the exercise of its rights and remedies under the loan documents.

14. It is well established in Pennsylvania and elsewhere that a Debtor's failure to make adequate protection payments in a Chapter 13 case can constitute cause to grant relief from the automatic stay. See, In re Giles, 340 B.R. 543, 553 (Bankr. E.D.Pa. 2006); In re Wile, 310 B.R. 514 (Bankr. E.D.Pa. 2004)

WHEREFORE, for all of the foregoing reasons, Movant requests that, pursuant to Section 362(d)(1) of the Bankruptcy Code, the automatic stay be terminated to permit Movant to exercise its proper rights and remedies under its loan documents with Debtor, schedule the Sheriff's sale of the mortgaged premises, take legal title to the mortgaged premises, and that Movant be granted such other and further relief as may be just and equitable under the circumstances.

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP**

    /s/ Peter E. Meltzer
Peter E. Meltzer, Esquire
Weber Gallagher
2000 Market Street, 13th Floor
267-295-3363

Dated: November 7, 2019           Attorneys for Movant